**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **VERNON D.F. ROBBINS,** | : | |
| **Plaintiff** | : | **CIV. ACTION NO. 1:25-CV-494** |
| **v.** | : | **(JUDGE MANNION)** |
| **ANDREA WAKEFIELD,** *et al.,* | : | |
| **Defendants** | : | |

## MEMORANDUM

This is a prisoner civil rights case filed pursuant to 42 U.S.C. §1983. For the reasons set forth below, the complaint will be dismissed without prejudice, and plaintiff will be granted leave to file an amended complaint.

### I.    BACKGROUND

Plaintiff, Vernon D.F. Robbins, filed this case on March 10, 2025, and the court received and docketed his complaint on March 18, 2025. (Doc. 1). The case is before the court for a screening review pursuant to 28 U.S.C. §1915A(a) and 28 U.S.C. §1915(e)(2)(B)(ii). Robbins is currently incarcerated in Rockview State Correctional Institution ("SCI-Rockview"), but he was incarcerated in Huntingdon State Correctional Institution ("SCI-Huntingdon") at all times relevant to this case.

According to the complaint, at some point prior to January 10, 2022, Robbins was taken to SCI-Huntingdon's restricted housing unit ("RHU") for an unspecified reason. (*Id.* ¶8). Officials conducted an inventory of his personal property, concluded that it was over "the property limit," and confiscated several unspecified items. (*Id.*) Robbins filed a grievance about the confiscation of the property, and allegedly exhausted his administrative appeals for the grievance on May 26, 2022. (*Id.* ¶9).

On June 19, 2022, Robbins submitted a request slip to defendant Wakefield, SCI-Huntingdon's corrections superintendent assistant, asking that the confiscated property be held pending litigation he planned to file about the property. (*Id.* ¶10). Wakefield purportedly responded that the request was noted, but then sent Robbins a memo on July 21, 2022, stating that Robbins could arrange to have the property shipped to his family where it could be held pending his litigation. (*Id.* ¶11). On August 1, 2022, Robbins sent correspondence to Wakefield stating that her previous memo was inconsistent with Pennsylvania Department of Corrections ("DOC") policy and requesting a "property swap" and an "exemption for education." (*Id.* ¶12). Robbins then sent another request slip to defendants Butler and Wakefield on September 27, 2022, about his confiscated property. (*Id.* ¶ 13). Butler did not respond, and Wakefield purportedly stated, "It would have been

2

destroyed." (*Id.*) Robbins subsequently filed a grievance about the destroyed property on October 22, 2022, and pursued appeals of the grievance through March 30, 2023. (*Id.*)

Robbins's complaint asserts claims against Wakefield and Butler for violation of his right to due process under the Fourteenth Amendment, retaliation in violation of his Fourteenth Amendment rights, and conspiracy to violate the Fourteenth Amendment. (*Id.* at 4-6). He seeks nominal, compensatory, and punitive damages. (*Id.* at 6-7).

## II.   DISCUSSION

This court must review a complaint when "a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. §1915A(a). If a complaint fails to state a claim upon which relief may be granted, the court must dismiss the complaint. *Id.* §1915A(b)(1). The court has a similar screening obligation regarding actions filed by prisoners proceeding *in forma pauperis. Id.* §1915(e)(2)(B)(ii) ("[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted.").

In screening legal claims under Sections 1915A(b) and 1915(e)(2)(B), the court applies the standard governing motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See, e.g., Coward v.*

3

*City of Philadelphia*, 546 F. Supp. 3d 331, 333 (E.D. Pa. 2021); *Smith v. Delaware*, 236 F. Supp.3d 882, 886 (D. Del. 2017).

To avoid dismissal under Rule 12(b)(6), a plaintiff must set out "sufficient factual matter" to show that his claim is facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 679.

When evaluating the plausibility of a complaint, the court accepts as true all factual allegations and all reasonable inferences that can be drawn from those allegations, viewed in the light most favorable to the plaintiff. *Id.* However, the court must not accept legal conclusions as true, and "a formulaic recitation of the elements of a cause of action" will not survive a district court's screening under Section 1915A and 1915(e)(2). *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Courts must liberally construe complaints brought by *pro se* litigants. *Sause v. Bauer*, 585 U.S. 957, 960 (2018). *Pro se* complaints, "however inartfully pleaded, must be held to less stringent standards than formal

pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)

(quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff's claims are filed pursuant to 42 U.S.C. §1983. Section 1983

authorizes redress for violations of constitutional rights and provides in

relevant part:

> Every person who, under color of any statute, ordinance,
> regulation, custom, or usage, of any State or Territory . . .
> subjects, or causes to be subjected, any citizen of the United
> States or other person within the jurisdiction thereof to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party injured in an
> action at law, suit in equity, or other proper proceeding for
> redress . . . .

42 U.S.C. §1983. Thus, to establish a successful claim under Section 1983,

a plaintiff must demonstrate that the challenged conduct was committed by

a person acting under color of state law and deprived the plaintiff of rights,

privileges, or immunities secured by the Constitution or laws of the United

States. *Lake v. Arnold*, 112 F.3d 682, 689 (3d Cir. 1997). By its terms,

Section 1983 does not create a substantive right, but merely provides a

method for vindicating federal rights conferred by the United States

Constitution and the federal statutes that it describes. *Baker v. McCollan*,

443 U.S. 137 (1979).

A defendant cannot be liable for a violation of a plaintiff's civil rights

unless the defendant was personally involved in the violation. *Jutrowski v.*

5

*Twp. of Riverdale*, 904 F.3d 280, 289 (3d Cir. 2018). The defendant's personal involvement cannot be based solely on a theory of *respondeat superior. Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Rather, for a supervisor to be liable for the actions of a subordinate, there must be allegations of personal direction or actual knowledge and acquiescence. *Id.*

Robbins's complaint asserts claims for violation of the Fourteenth Amendment for confiscation and destruction of his personal property. (Doc. 1). These claims will be dismissed. Claims based on destruction or deprivation of a prisoner's personal property fail as a matter of law if the government provides adequate post-deprivation procedures to remedy the loss of the property. *Hudson v. Palmer*, 468 U.S. 517, 533-34 (1984). The Third Circuit has held that the DOC's grievance process generally provides an adequate post-deprivation procedure for the deprivation of property, *see Pressley v. Johnson*, 268 F. App'x 181, 183 (3d Cir. 2008); *Jordan v. Horn*, 165 F. App'x 979, 981 (3d Cir. 2006), and Robbins has not made any allegations as to how the grievance process was inadequate in this case. Accordingly, his complaint will be dismissed.

Before dismissing a civil rights claim for failure to state a claim, a district court must permit a curative amendment unless the amendment would be inequitable or futile. *Phillips v. County of Allegheny*, 515 F.3d 224, 245 (3d

6

Cir. 2008). Here, the court will grant Robbins leave to file an amended complaint because the court cannot say as a matter of law that amendment would be inequitable or futile.

## III. CONCLUSION

For the foregoing reasons, the court will dismiss Robbins's complaint without prejudice and grant him leave to file an amended complaint. An appropriate order shall issue.

Malachy E. Mannion
United States District Judge

Dated: 6/26/25
25-494-01